IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNON HOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-1134-NJR-DGW |
| ) | |
| DR. SHEARING and MENARD WARDEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motions for Summary Judgment on the Issue of Exhaustion be **DENIED** (Docs. 26 and 29) and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff, Bernon Howery, is an inmate incarcerated at the Menard Correctional Center.  He filed a Complaint on October 21, 2014 (and an Amended Complaint on December 3, 2014) alleging that Defendant Dr. Robert Shearing was deliberately indifferent to his serious medical needs (Docs. 1, 7).  Plaintiff specifically alleges that he injured his back on September 10, 2013 and that it was mis-diagnosed, ineffectively treated, and for which he only received a few days of ineffective pain medication.    Plaintiff is proceeding on Count 1, alleging a deliberate

indifference claim against Dr. Shearing; Defendant Menard Warden has been retained in this suit in order to perfect any injunctive relief that may be awarded (Doc. 9).[1]

Both Defendants have filed motions for summary judgment on the issue of exhaustion of administrative remedies (Docs. 26 and 29). Plaintiff did not file responses by the applicable deadlines;[2] on January 27, 2016, he was *sua sponte* given until February 16, 2016 to file a response (Doc. 34). Plaintiff filed two responses on January 27, 2016, the first entitled "Plaintiff's Request for Status of Defendant's Motion for Summary Judgment" and the second entitled "Plaintiff's Brief in Opposition to Defendant Butler's Motion for Summary Judgment" (Docs. 35 and 39, respectively). The matter was set for a hearing on March 1, 2016 (Doc. 42). Plaintiff appeared by video-conference and Defendants appeared by counsel along with a witness, Shellie Cartwright.

### FINDINGS OF FACT

As noted above, Plaintiff alleges that he injured his back on September 10, 2013 and that throughout that month and the following couple of months he was not given adequate medical care. Defendants argue that while Plaintiff submitted two grievances with his Complaint, dated October 21, 2013 and November 6, 2013, he never submitted those grievances to either jail personnel or to the Administrative Review Board.

Shellie Cartwright, Plaintiff's correctional counselor since April, 2014, states that Plaintiff's Cumulative Counseling Summary during the relevant time period contains no notation that Plaintiff submitted the October 21, 2013 or the November 6, 2013 grievances to his

---

[1] The Court **RECOMMENDS** that the Clerk be directed to modify the docket sheet to reflect the true spelling of Defendants names, Dr. Robert Shearing and Warden Kimberly Butler.

[2] In a Motion for Appointment of Counsel (Doc. 40), Plaintiff states that he submitted a response for filing at the Menard Correctional Center on November 18, 2015. No such response was received by the Clerk of Court.

counselor (and it would note such an event) (Shellie Cartwright Affidavit ¶¶ 3, 6; Doc. 27-1, pp. 1, 5, 6). Plaintiff's Cumulative Counseling Summary further indicates that on May 8, 2014 and July 7, 2014, Plaintiff inquired of his counselor about grievances he had submitted on the HealthCare Unit (Doc. 27-1, pp. 4,5). On July 14, 2014, his counselor (Ms. Cartwright) informed him that, after going through pending grievances, she did not have a pending medical grievance that was submitted by Plaintiff (*Id*. p. 4).

Attached to the Complaint (and Amended Complaint) is a grievance dated October 21, 2013 that outlines Plaintiff's complaints regarding medical treatment from Dr. Shearing (Doc. 1, pp. 22-23; Doc. 7, pp. 9-10). The grievance contains no counselor or grievance officer responses. Plaintiff also has attached a November 6, 2013 grievance that purports to follow up on the previous grievance (Doc. 1, p. 35; Doc. 7, p. 11).

In his responses, Plaintiff states that he submitted the October 21, 2013 grievance to his counselor at the time, Angela Groth, but that she did not respond (Doc. 35-1, p. 6). At the March 1, 2016 hearing, Plaintiff stated that he had not seen Counselor Groth for months during 2013 and that when he wrote out the grievance, he mistakenly believed that she was on the gallery or in the counselor's office. He handed the grievance to a correctional officer, Sherry Edwards, and asked her to take it to the counselor's office. At the time, the prison was on lockdown and Plaintiff could not leave his cell. Ms. Edwards returned to Plaintiff's cell and indicated that the counselor refused to accept the grievance; Plaintiff then asked Ms. Edwards to place the grievance in the grievance box, at which point Ms. Edwards left, taking the grievance with her. Plaintiff further wrote notes to Ms. Groth attempting to ascertain the status of his grievance.

The Court finds Plaintiff credible in his statements that he gave the grievance to Ms. Edwards and asked her to place it in the grievance box. The Court also finds Plaintiff credible in

his statement that he believed that Ms. Groth was his correctional counselor at the time and that he was unaware that she no longer was working there. The Cumulative Counseling Summary indicates that Ms. Groth's last face-to-face contact with Plaintiff was on June 5, 2013 (Doc. 27-1, p. 6). Moreover, Plaintiff appears credible in his statement that he did not know that Mark A. Grapperhaus, who is listed as a Correctional Sergeant, was his new counselor such that he would inquire about the status of the October 21, 2013 grievance. Finally, this Court finds Plaintiff credible in his statement that as soon as he did speak to his new counselor, Ms. Cartwright, he immediately inquired as to the status of this grievance.

After he did not receive a response to the October 21, 2013 grievance, Plaintiff submitted the November 5, 2013 grievance by placing it in an envelope addressed to Betsy Spiller, the "Head Counselor" (Doc. 35-1, p. 6). Plaintiff was again on lockdown during this time and he placed the grievance in the cells chuckhole. At the hearing, Ms. Spiller was identified as the grievance officer. No one responded to that grievance either. Again, the Court finds Plaintiff credible as to the process he used to grieve the matters at issue in this suit. Plaintiff was familiar with the grievance process as evidenced by previous grievance he had pursued.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the

moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires

proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* §504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See*

42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

At the time that Plaintiff filled out his October 2013 grievance, he had had no contact with this correctional counselor, Ms. Groth, in months. He attempted to inform her of his medical complaints by having a correctional officer take his grievance to the counselor's office. When that grievance was not accepted by the counselor who was present in the office, Plaintiff asked the correctional officer to place the grievance in the grievance box (which is where he placed a previous grievance that had been responded to). Plaintiff attempted to resolve his grievance informally (by seeking review by the counselor) and then attempted to have the grievance placed in the grievance box. Plaintiff took all steps that were required of him. His counselor and the grievance officer failed to respond to the grievance, thereby rendering the process unavailable.

Plaintiff took the additional step of submitting a second grievance on November, 6 2013 that also went unanswered. While Plaintiff did not attempt to informally resolve the second

grievance, he at least attempted to send it to a person whom he believed would review the grievance, Ms. Spiller. Even if he had addressed his grievance to the wrong person, it would have been a simple task for jail officials to redirect the grievance to the right person. And, plaintiff inquired after his grievances by sending notes to his counselor and by immediately speaking to Ms. Cartwright when she was assigned to him as his new counselor in May, 2014. Given that Plaintiff submitted two grievances and inquired after those grievances within a few months, the Court finds that Plaintiff exhausted the administrative remedies that were available as to the claims in this case.

### RECOMMENDATIONS

For the foregoing reasons, it is RECOMMENDED that the Motions for Summary Judgment be **DENIED** (Docs. 26 and 29), that the Clerk of Court be directed to change the spelling of Defendants' names in the docket, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 2, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**